IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DINEEN CHERYLANNE ETIENNE,**

           **Plaintiff,**

   v.

**NORTH CAROLINA ATTORNEY
GENERAL JOSH STEIN,** *et al.***,**

       **Defendants.**

Civil Action No. 2:24-cv-4142
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.)  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action, **WITHOUT PREJUDICE,** for improper venue.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *  *  *
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff has attached to her *in forma pauperis* application a document titled as "Motion for Emergency Hearing for Whistleblower Protection." This filing is not a model of clarity. Named as Defendants are North Carolina Attorney General Josh Stein and Governor Roy Cooper. Plaintiff asserts that she had a contract with the North Carolina department of public

3

safety and she "faced discrimination and harassment in the workplace." (ECF No. 1-1 at 5.) Apparently, in April 2024 the North Carolina General Assembly settled some unidentified matter for $50 million dollars but the North Carolina Department of Administration and the General Assembly concealed the settlement from Plaintiff, presumably because "she is a whistleblower of governmental corruption." (*Id.* at 8.) Plaintiff cites to the anti-retaliation protection for whistleblowers set forth in 15 U.S.C. § 7a-3 and mentions RICO. Plaintiff seeks as relief "lost wages for workplace retaliation," emotional distress damages arising from "workplace retaliation," punitive damages, and "no contact orders" directed to Defendants and others. (*Id.* at 10.)

In addition to her *in forma pauperis* application, Plaintiff filed an 18-page stand alone document also titled as a "Motion for Emergency Hearing for Whistleblowers Protection." (ECF No. 2.) This filing consists of a two-page statement titled "Democratic Party Governmental Corruption 2024," a Google search page reflecting litigation presumably involving Plaintiff, a Legislative Report dated April 2024, a Judicial misconduct complaint filed by Plaintiff and dated March 27, 2024, a docket sheet from an action Plaintiff filed in the D.C. Circuit Court of Appeals, a Fedex receipt, a Gmail message appearing to be dated in August 2018 containing a copy of a text message, and a copy of a contract from April 2017 apparently signed by Plaintiff and a representative of the North Carolina Department of Public Safety. This filing adds little clarity to the nature of Plaintiff's claims.

### III.

While Plaintiff's allegations are not clear, what is clear is that venue in this Court is not proper and dismissal is appropriate. A court may dismiss on venue grounds under § 1915 when improper venue is "*'obvious from the face of the complaint* and no further factual record is

required to be developed*.'" Brent v. Hyundai Cap. Am.,* No. 14-2600-STA-DKV, 2014 WL 7335415, at *3 (W.D. Tenn. Dec. 19, 2014) (citations omitted).

Venue in a civil action is governed by 28 U.S.C. § 1391(b). That venue statute provides as follows:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Courts are to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case is within the court's sound discretion. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citation omitted). Typically, courts refrain from *sua sponte* dismissal for improper venue but such dismissal is proper under certain circumstances, including in actions brought by *pro se* plaintiffs. *Fisi v. Extra Space Storage, Inc.,* No. 23-11825, 2023 WL 5105247, at *1–2 (E.D. Mich. Aug. 9, 2023) (citing cases). This case represents such a circumstance.

Plaintiff has named as Defendants two North Carolina state officials. No events at issue are alleged to have occurred in Ohio. No action or injury is alleged to have occurred in Ohio. In short, even under a liberal reading, the allegations in Plaintiff's filing have no relationship to this District. Further, neither Plaintiff's passing reference to RICO nor the provisions of 15 U.S.C.

5

§7a-3 support any conclusion that venue is proper here. Accordingly, venue is improper, and it is **RECOMMENDED** that the Court dismiss Plaintiff's complaint without prejudice to refiling in a proper venue.

### IV.

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Further, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for improper venue and that Plaintiff's motion for an emergency hearing (ECF No. 2) be **DENIED as moot**. Consistent with this recommendation, Plaintiff's Motion for Electronic Filing Rights and to Bring Cell Phone to Court (ECF Nos. 3, 4) are **DENIED**.

### PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

        **IT IS SO ORDERED.**


Date: November 14, 2024                             /s/ *Elizabeth A. Preston Deavers*
                                                                   ELIZABETH A. PRESTON DEAVERS
                                                                   UNITED STATES MAGISTRATE JUDGE